**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| JANICE SHIPLEY, | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | ) **CAUSE NO: 1:13-cv-937** |
| | ) |
| FRANCISCAN ALLIANCE INC., a/k/a | ) |
| FRANCISCAN ST. FRANCIS HEALTH | ) |
| and ST. FRANCIS HOSPITAL & | ) |
| HEALTH CENTERS f/k/a SISTERS OF | ) |
| ST. FRANCIS HEALTH SERVICES, | ) |
| INC., | ) |
|     **Defendant.** | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. Nature of the Case

1.      This is an action brought by Plaintiff, Janice Shipley (hereinafter "Shipley" or "Plaintiff"), by counsel, against Defendant, Franciscan Alliance, Inc., a/k/a Franciscan St. Francis Health and St. Francis Hospital & Health Centers f/k/a Sisters of St. Francis Health Services, Inc., (hereinafter "Defendant"), pursuant to the American with Disabilities Act Amendments Act ("ADA"), as amended, 42 U.S.C. § 12101 et seq.

### II. PARTIES

2.      Shipley is a current resident of the State of Indiana, who at times relevant to this action resided within the State of Indiana.

3.      Defendant does business in the Southern District of Indiana.

### III. JURISDICTION AND VENUE

4.      Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 42 U.S.C. § 12117.

5.      Defendant is an "employer" as defined by 42 U.S.C. § 12111(5)(A).

6.      Shipley was an "employee" as that term is defined by 42 U.S.C. § 12111(4).

7.      Plaintiff is an individual who has been regarded as  having a disability as that term is defined by the ADA, 42 U.S.C. § 12102(2)  and/or Plaintiff is an individual with a disability and/or record of a disability, as that term is defined by the ADA, 42 U.S.C. § 12102(2) and 12111(8).

8.      Shipley exhausted her administrative remedies by timely filing charges of discrimination / retaliation against Defendant with the Equal Employment Opportunity Commission (Charge Number 470-2012-02721 and Charge Number 470-2013-01400 ).  Shipley received her appropriate Notices of Suit Rights and brings this original action within ninety (90) days of her receipt thereof.

9.      Events, transactions, and occurrences concerning this case have arisen in the geographical environs of the Southern District of Indiana, thus venue is proper in this Court.

### IV.  FACTUAL ALLEGATIONS

10.     Shipley was hired by Defendant in 1979 in the position of registered nurse.

11.     At all relevant times, Shipley  met and exceeded Defendant's legitimate performance expectations.

12.     In approximately November of  2010 Shipley informed Defendant of her serious health condition and/or disability.

13.     Thereafter, Shipley met with Defendant's Human Resource Department  in the hope of seeking assistance.  However, instead of offering proper assistance to Shipley or engaging in any interactive process with Shipley as required under the ADA, Defendant

discriminated and retaliated against Shipley.  Thereafter, Shipley was forced to find another position within Defendant's workforce without assistance from Defendant.

14.     In January of 2011, Defendant's CNO informed Shipley that Shipley suffered from a disability and that she would not be allowed to return to the Post Anesthesia Care Unit (PACU) where Shipley worked for Defendant.

15.     In August of 2011 Shipley took an approved leave under the Family Medical Leave Act.

16.     On or about October 10, 2011 Shipley attempted to return to work from FMLA and requested certain accommodations under the ADA.

17.     However, Defendant refused to engage in the proper interactive process with Shipley, refused to accommodate Shipley, and refused to place Shipley into another position of employment.

18.     Since that time Shipley sought out numerous positions with Defendant yet Defendant refused to place Shipley into any open positions despite Shipley's ability to perform said position(s) with and/or without a reasonable accommodation.

19.     Indeed, instead of even attempting to accommodate Shipley, Defendant informed Shipley that she could only return to work if she was released to return to work without restrictions.

20.     Shipley applied for over 30 (thirty) positions with Defendant with all being registered nurse positions.

21.     Based on seniority, qualifications and past performance Shipley was a qualified candidate to work as a Registered Nurse for Defendant.  Moreover, Defendant was well aware of

this fact.

22.     On July 20, 2012, Shipley filed a Charge of Discrimination / retaliation against Defendant.  (Charge No. 470-2012-02721).

23.     Thereafter, Defendant  continued to discriminate and retaliate against Shipley by refusing to accommodate her and by placing additional restrictions on her with regard to her returning from work with the hope that she would resign and/or give up looking for employment placement with Defendant.

24.     Even after the filing of Shipley's original Charge Shipley continued to apply for positions for which she was qualified yet Defendant refused to place her into these positions. Moreover, Defendant provided contradictory instructions for placement into positions and placed additional requirements upon Shipley for position placement as compared to those who had not engaged in statutorily protected conduct.

25.     Indeed, while Defendant may have considered Shipley technically on leave, Shipley received no payment of wages from Defendant from February of 2012 onward during the time she was on leave even though she continuously attempted to return to work.

26.     On or about December 20, 2012, Shipley was terminated (constructively discharged) by Defendant.  Indeed, after enduring months of discriminatory, retaliatory, and unlawful treatment Shipley had no option but to resign.

27.     Defendant continually refused to allow Shipley to return to work due to her disability and/or record of disability and/or in retaliation for requesting a reasonable accommodation and engaging in statutorily protected conduct.

28.     Alternatively, Defendant has unlawfully regarded Shipley as disabled.

Specifically, Defendant unlawfully regarded and/or perceived Shipley as an individual who was disabled despite knowing that Shipley could still perform the essential functions of positions with and/or without a reasonable accommodation.

29.     Shipley has been unlawfully discriminated against and retaliated against with regard to the terms and conditions of her employment. Similarly situated non-disabled individuals and those who have not requested a reasonable accommodation (or engaged in protected conduct) have received more favorable treatment as compared to Shipley.

30.     Moreover, the interactive process was engaged in by Shipley but not Defendant. Defendant never engaged in the proper interactive process as required under the ADA, and did not provide Shipley appropriate assistance through Defendant's own Return to Work Program.

31.     The harassing, discriminatory, and retaliatory treatment taken by Defendant against Shipley was so intolerable that no individual would continue employment through such ongoing egregious conduct.

32.     Defendant's actions were willful and done in reckless disregard for Shipley's legally protected rights.

33.     Shipley has been and continues to be economically, physically, and emotionally harmed because of Defendant's discriminatory and retaliatory actions.

## V. LEGAL CAUSES OF ACTION.

### COUNT I -ADA DISCRIMINATION

34.     Plaintiff hereby incorporates paragraphs one (1) through thirty-three (33) of her Complaint herein.

35.     Shipley has a mental impairment which substantially limits one or more of

her major life activities, including but not limited to working.  Shipley suffers from a mental

impairment including major depression, anxiety and compassion fatigue syndrome .

36.     Defendant failed to provide a reasonable accommodation to Plaintiff and

failed to engage in the appropriate interactive process.

37.     Alternatively, Defendant unreasonably regarded Shipley as having a

disability that interfered with her ability to perform her job.

38.     Defendant terminated / constructively discharged Shipley based on her disability

and/or its unlawful perception (regarded as) of her being disabled.

39.     Defendant refused to provide certain accommodations to Shipley.

40.     Defendant's unlawful actions were intentional, willful, and done in reckless

disregard of Shipley rights as protected by the ADA, as amended.

## COUNT II

## RETALIATION – ADA

41.     Plaintiff hereby incorporates paragraphs one (1) through forty (40) of her

Complaint, as if the same were set forth at length herein.

42.     Defendant terminated / constructively discharged Shipley in retaliation for her

request for a reasonable accommodation(s) and/or for her engagement in statutorily protected

conduct including the filing of her EEOC charge.

43.     Defendant refused certain reasonable accommodation(s) made by Shipley.

44.     Defendant's unlawful actions were intentional, willful, and done in reckless

disregard of Shipley's ADA rights.

## VI.  RELIEF REQUESTED

WHEREFORE, Plaintiff, Janice Shipley, by counsel, respectfully requests that this Court

find for Plaintiff and order Defendant to:

a.      Pay Plaintiff's lost wages, unpaid bonuses, and benefits;

b.      Pay to Plaintiff compensatory and punitive damages;

c.      Pay to Plaintiff pre- and post-judgment interest;

d.      Reinstate Plaintiff to the same position, salary, and seniority; or, pay front pay and

benefits to Plaintiff in lieu of reinstatement;

f.      Provide any appropriate accommodation and engage in the applicable interactive

process with Plaintiff as required by the ADA;

e.      Pay Plaintiff's costs and attorney fees incurred in litigating this action; and,

f.      Pay to Plaintiff any and all other damages and/or relief deemed appropriate

and just by this Court.

Respectfully submitted,

s/ John H. Haskin_____
John H.  Haskin (Attorney # 7576-49)


s/ Ryan C. Fox_____
Ryan C. Fox (Attorney 21631-49)

JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, 2nd Floor
Indianapolis, Indiana 46204
(317) 955-9500
(317) 955-2570 fax
jhaskin@hlllaw.com
rfox@hlllaw.com

## DEMAND FOR JURY TRIAL

The Plaintiff, Janice Shipley, by counsel, respectfully requests a jury trial as to all issues

deemed so triable.

Respectfully submitted,

*s/ John H. Haskin*_____
John H.  Haskin (Attorney # 7576-49)