UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JANICE SHIPLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO: 1:13-cv-937-TWP-DML |
| | ) |
| FRANCISCAN ALLIANCE INC., a/k/a | ) |
| FRANCISCAN ST. FRANCIS HEALTH | ) |
| and ST. FRANCIS HOSPITAL & | ) |
| HEALTH CENTERS f/k/a SISTERS OF | ) |
| ST. FRANCIS HEALTH SERVICES, INC., | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**

Defendant, Franciscan Alliance, Inc., a/k/a Franciscan St. Francis Health and St. Francis Hospital & Health Centers f/k/a Sisters of St. Francis Health Services, Inc., for its Answer and Affirmative Defenses to Plaintiff's Complaint and Demand for Jury Trial, states as follows:

## I. Nature of the Case

1. This is an action brought by Plaintiff, Janice Shipley (hereinafter "Shipley" or "Plaintiff"), by counsel, against Defendant, Franciscan Alliance, Inc., a/k/a Franciscan St. Francis Health and St. Francis Hospital & Health Centers f/k/a Sisters of St. Francis Health Services, Inc., (hereinafter "Defendant"), pursuant to the American with Disabilities Act Amendments Act ("ADA"), as amended, 42 U.S.C. § 12101 et seq.

**ANSWER:** The foregoing averments contained in paragraph 1 of Plaintiff's Complaint are rhetorical in nature and require no response. However, to the extent an answer is

required, Defendant denies that it engaged in any unlawful act with respect to Plaintiff whatsoever.

## II. Parties

2. Shipley is a current resident of the State of Indiana, who at times relevant to this action resided within the State of Indiana.

**ANSWER**: Defendant is without knowledge sufficient to form a belief as to the truth of the averments contained in paragraph 2 of Plaintiff's Complaint and, therefore, denies the same.

3. Defendant does business in the Southern District of Indiana.

**ANSWER**: Defendant admits the averments contained in paragraph 3 of Plaintiff's Complaint.

## III. Jurisdiction and Venue

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 42 U.S.C. § 12117.

**ANSWER**: Defendant admits the averments contained in paragraph 4 of Plaintiff's Complaint.

5. Defendant is an "employer" as defined by 42 U.S.C. § 12111(5)(A).

**ANSWER**: Defendant admits the averments contained in paragraph 5 of Plaintiff's Complaint.

6. Shipley was an "employee" as that term is defined by 42 U.S.C. § 12111(4).

> **ANSWER**: Defendant admits the averments contained in paragraph 6 of Plaintiff's Amended Complaint.

7. Plaintiff is an individual who has been regarded as having a disability as that term is defined by the ADA, 42 U.S.C. § 12102(2) and/or Plaintiff is an individual with a disability and/or record of a disability, as that term is defined by the ADA, 42 U.S.C. § 12102(2) and 12111(8).

> **ANSWER**: Defendant denies the averments contained in paragraph 7 of Plaintiff's Complaint.

8. Shipley exhausted her administrative remedies by timely filing charges of discrimination / retaliation against Defendant with the Equal Employment Opportunity Commission (Charge Number 470-2012-02721 and Charge Number 470-2013-01400 ). Shipley received her appropriate Notices of Suit Rights and brings this original action within ninety (90) days of her receipt thereof.

> **ANSWER**: Defendant admits that Plaintiff filed charges of discrimination and retaliation against Defendant with the Equal Employment Opportunity Commission (Charge Nos. 470-2012-02721 and 470-2013-01400). Defendant further admits that Plaintiff received Notices of Suit Rights and brings this original action within ninety (90) days of her receipt thereof. Defendant denies the remaining averments contained in paragraph 8 of Plaintiff's Complaint.

9. Events, transactions, and occurrences concerning this case have arisen in the geographical environs of the Southern District of Indiana, thus venue is proper in this Court.

**ANSWER**: Defendant admits the averments contained in paragraph 9 of Plaintiff's Complaint.

### IV. **Factual Allegations**

10. Shipley was hired by Defendant in 1979 in the position of registered nurse.

**ANSWER**: Defendant admits the averments contained in paragraph 10 of Plaintiff's Complaint.

11. At all relevant times, Shipley met and exceeded Defendant's legitimate performance expectations.

**ANSWER**: Defendant denies the averments contained in paragraph 11 of Plaintiff's Complaint.

12. In approximately November of 2010 Shipley informed Defendant of her serious health condition and/or disability.

**ANSWER**: Defendant denies the averments contained in paragraph 12 of Plaintiff's Complaint.

13. Thereafter, Shipley met with Defendant's Human Resource Department in the hope of seeking assistance. However, instead of offering proper assistance to Shipley or engaging in any interactive process with Shipley as required under the ADA, Defendant discriminated and retaliated against Shipley. Thereafter, Shipley was forced to find another position within Defendant's workforce without assistance from Defendant.

**ANSWER**: Defendant denies the averments contained in paragraph 13 of Plaintiff's Complaint.

14. In January of 2011, Defendant's CNO informed Shipley that Shipley suffered from a disability and that she would not be allowed to return to the Post Anesthesia Care Unit (PACU) where Shipley worked for Defendant.

   **ANSWER**: Defendant denies the averments contained in paragraph 14 of Plaintiff's Complaint.

15. In August of 2011 Shipley took an approved leave under the Family Medical Leave Act.

   **ANSWER**: Defendant admits the averments contained in paragraph 15 of Plaintiff's Complaint.

16. On or about October 10, 2011 Shipley attempted to return to work from FMLA and requested certain accommodations under the ADA.

   **ANSWER**: Defendant denies the averments contained in paragraph 16 of Plaintiff's Complaint.

17. However, Defendant refused to engage in the proper interactive process with Shipley, refused to accommodate Shipley, and refused to place Shipley into another position of employment.

   **ANSWER**: Defendant denies the averments contained in paragraph 17 of Plaintiff's Complaint.

18. Since that time, Shipley sought out numerous positions with Defendant yet Defendant refused to place Shipley into any open positions despite Shipley's ability to perform said position(s) with and/or without a reasonable accommodation.

**ANSWER**: Defendant is without knowledge sufficient to form a belief as to the truth of Plaintiff's statement that she has "sought out numerous positions" with Defendant since October of 2011. Defendant denies the remaining averments contained in paragraph 18 of Plaintiff's Complaint.

19. Indeed, instead of even attempting to accommodate Shipley, Defendant informed Shipley that she could only return to work if she was released to return to work without restrictions.

**ANSWER**: Defendant denies the averments contained in paragraph 19 of Plaintiff's Complaint.

20. Shipley applied for over 30 (thirty) positions with Defendant with all being registered nurse positions.

**ANSWER**: Defendant denies the averments contained in paragraph 20 of Plaintiff's Complaint.

21. Based on seniority, qualifications and past performance, Shipley was a qualified candidate to work as a Registered Nurse for Defendant. Moreover, Defendant was well aware of this fact.

**ANSWER**: Defendant denies the averments contained in paragraph 21 of Plaintiff's Complaint.

22. On July 20, 2012, Shipley filed a Charge of Discrimination / retaliation against Defendant. (Charge No. 470-2012-02721).

**ANSWER**: Defendant admits the averments contained in paragraph 22 of Plaintiff's Complaint.

23. Thereafter, Defendant continued to discriminate and retaliate against Shipley by refusing to accommodate her and by placing additional restrictions on her with regard to her returning from work with the hope that she would resign and/or give up looking for employment placement with Defendant.

> **ANSWER**: Defendant denies the averments contained in paragraph 23 of Plaintiff's Complaint.

24. Even after the filing of Shipley's original Charge, Shipley continued to apply for positions for which she was qualified, yet Defendant refused to place her into these positions. Moreover, Defendant provided contradictory instructions for placement into positions and placed additional requirements upon Shipley for position placement as compared to those who had not engaged in statutorily protected conduct.

> **ANSWER**: Defendant admits that Plaintiff applied for positions with Defendant after she filed her original Charge. Defendant denies the remaining averments contained in paragraph 24 of Plaintiff's Complaint.

25. Indeed, while Defendant may have considered Shipley technically on leave, Shipley received no payment of wages from Defendant from February of 2012 onward during the time she was on leave even though she continuously attempted to return to work.

> **ANSWER**: Defendant denies that Plaintiff "continuously attempted to return to work" during the time she was on leave. The remaining "averments" in Paragraph 25 seemingly are argument, which require no response. To the extent Defendant is required to respond, however, it is without knowledge sufficient to admit or deny the remaining averments contained in Paragraph 25 of Plaintiff's Complaint.

26. On or about December 20, 2012, Shipley was terminated (constructively discharged) by Defendant. Indeed, after enduring months of discriminatory, retaliatory, and unlawful treatment Shipley had no option but to resign.

**ANSWER**: Defendant denies the averments contained in paragraph 26 of Plaintiff's Complaint.

27. Defendant continually refused to allow Shipley to return to work due to her disability and/or record of disability and/or in retaliation for requesting a reasonable accommodation and engaging in statutorily protected conduct.

**ANSWER**: Defendant denies the averments contained in paragraph 27 of Plaintiff's Complaint.

28. Alternatively, Defendant has unlawfully regarded Shipley as disabled. Specifically, Defendant unlawfully regarded and/or perceived Shipley as an individual who was disabled despite knowing that Shipley could still perform the essential functions of positions with and/or without a reasonable accommodation.

**ANSWER**: Defendant denies the averments contained in paragraph 28 of Plaintiff's Complaint.

29. Shipley has been unlawfully discriminated against and retaliated against with regard to the terms and conditions of her employment. Similarly situated non-disabled individuals and those who have not requested a reasonable accommodation (or engaged in protected conduct) have received more favorable treatment as compared to Shipley.

**ANSWER**: Defendant denies the averments contained in paragraph 29 of Plaintiff's Complaint.

30. Moreover, the interactive process was engaged in by Shipley but not Defendant. Defendant never engaged in the proper interactive process as required under the ADA, and did not provide Shipley appropriate assistance through Defendant's own Return to Work Program.

**ANSWER**: Defendant denies the averments contained in paragraph 30 of Plaintiff's Complaint.

31. The harassing, discriminatory, and retaliatory treatment taken by Defendant against Shipley was so intolerable that no individual would continue employment through such ongoing egregious conduct.

**ANSWER**: Defendant denies the averments contained in paragraph 31 of Plaintiff's Complaint.

32. Defendant's actions were willful and done in reckless disregard for Shipley's legally protected rights.

**ANSWER**: Defendant denies the averments contained in paragraph 32 of Plaintiff's Complaint.

33. Shipley has been and continues to be economically, physically, and emotionally harmed because of Defendant's discriminatory and retaliatory actions.

**ANSWER**: Defendant denies the averments contained in paragraph 33 of Plaintiff's Complaint.

### V. Legal Causes of Action.

### COUNT I - ADA DISCRIMINATION

34. Plaintiff hereby incorporates paragraphs one (1) through thirty-three (33) of her Complaint herein.

**ANSWER:** Defendant incorporates all previous answers in response to the averments contained in paragraph 34 of Plaintiff's Complaint.

35. Shipley has a mental impairment which substantially limits one or more of her major life activities, including but not limited to working. Shipley suffers from a mental impairment including major depression, anxiety and compassion fatigue syndrome.

**ANSWER:** Defendant is without knowledge sufficient to form a belief as to the truth of the averments contained in paragraph 35 of Plaintiff's Complaint and, therefore, denies the same.

36. Defendant failed to provide a reasonable accommodation to Plaintiff and failed to engage in the appropriate interactive process.

**ANSWER**: Defendant denies the averments contained in paragraph 36 of Plaintiff's Complaint.

37. Alternatively, Defendant unreasonably regarded Shipley as having a disability that interfered with her ability to perform her job.

**ANSWER**: Defendant denies the averments contained in paragraph 37 of Plaintiff's Complaint.

38. Defendant terminated / constructively discharged Shipley based on her disability and/or its unlawful perception (regarded as) of her being disabled.

**ANSWER**: Defendant denies the averments contained in paragraph 38 of Plaintiff's Complaint.

39. Defendant refused to provide certain accommodations to Shipley.

**ANSWER:** Defendant denies the averments contained in paragraph 39 of Plaintiff's Complaint.

40. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Shipley rights as protected by the ADA, as amended.

**ANSWER**: Defendant denies the averments contained in paragraph 40 of Plaintiff's Complaint.

## COUNT II
## RETALIATION – ADA

41. Plaintiff hereby incorporates paragraphs one (1) through forty (40) of her Complaint, as if the same were set forth at length herein.

**ANSWER:** Defendant incorporates all previous answers in response to the averments contained in paragraph 41 of Plaintiff's Complaint.

42. Defendant terminated / constructively discharged Shipley in retaliation for her request for a reasonable accommodation(s) and/or for her engagement in statutorily protected conduct including the filing of her EEOC charge.

**ANSWER**: Defendant denies the averments contained in paragraph 42 of Plaintiff's Complaint.

43. Defendant refused certain reasonable accommodation(s) made by Shipley.

**ANSWER:** Defendant denies the averments contained in paragraph 43 of Plaintiff's Complaint.

44. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Shipley's ADA rights.

**ANSWER**: Defendant denies the averments contained in paragraph 44 of Plaintiff's Complaint.

## VI. <u>RELIEF REQUESTED</u>

WHEREFORE, Plaintiff, Janice Shipley, by counsel, respectfully requests that this Court find for Plaintiff and order Defendant to:

a. Pay Plaintiff's lost wages, unpaid bonuses, and benefits;

b. Pay to Plaintiff compensatory and punitive damages;

c. Pay to Plaintiff pre- and post-judgment interest;

d. Reinstate Plaintiff to the same position, salary, and seniority; or, pay front pay and benefits to Plaintiff in lieu of reinstatement;

f.[sic] Provide any appropriate accommodation and engage in the applicable interactive process with Plaintiff as required by the ADA;

e. Pay Plaintiff's costs and attorney fees incurred in litigating this action; and,

f. Pay to Plaintiff any and all other damages and/or relief deemed appropriate and just by this Court.

**ANSWER**: Plaintiff's requested relief is rhetorical in nature and, thus, does not require a response. Regardless, Defendant denies that Plaintiff is entitled to any of the relief requested.

Any averments contained in the Complaint that are not otherwise specifically responded to by this Answer are hereby denied.

## DEFENSES AND AFFIRMATIVE DEFENSES

Defendant sets forth the following defenses and affirmative defenses in response to the Complaint. Defendant, by stating its affirmative defenses, does not hereby assume any burden of proof that would otherwise rest with Plaintiff.

1. Plaintiff has failed to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred to the extent they exceed the scope of Plaintiff's EEOC charges.

3. Plaintiff's claims are barred by the applicable statute of limitations to the extent those claims are based on Defendant's actions occurring more than 300 days prior to the filing of Plaintiff's EEOC charge.

4. Plaintiff failed to exhaust administrative remedies as a prerequisite to pursuing claims regarding certain alleged actions or inaction.

5. All actions taken with respect to Plaintiff were for just cause.

6. Plaintiff has unreasonably failed to mitigate her damages.

7. Plaintiff's injuries, if any, were caused in whole or in part by Plaintiff's own fault.

8. All of Defendant's actions and inaction with respect to Plaintiff were based upon legitimate, non-discriminatory, non-retaliatory, and reasonable business reasons that were in no

way related to Plaintiff's alleged disability, alleged record of a disability, or alleged perceived disability.

9. Defendant would have taken the same actions with respect to Plaintiff regardless of Plaintiff's alleged disability, alleged record of a disability, or alleged perceived disability.

10. All of Defendant's actions with respect to the Plaintiff were taken for legitimate business reasons unrelated to Plaintiff's exercise or potential exercise of rights under the ADA.

11. Plaintiff has not suffered any damages as a result of any action or inaction of Defendant.

12. Plaintiff is not entitled to recover any attorneys' fees on the claims asserted against Defendant or has failed to allege facts sufficient to allow recovery of such fees.

13. Plaintiff unreasonably failed to utilize existing policies and procedures in place at Defendant in order to avoid the harm that Plaintiff has alleged.

14. Plaintiff's action is frivolous, vexatious and brought in bad faith entitling Defendant to recover its costs and reasonable attorneys' fees in the defense of such an action.

15. Defendant reserves the right to assert additional defenses as Plaintiff's claims are clarified during the course of this litigation and such defenses become known.

WHEREFORE, Defendant respectfully prays that the Plaintiff's Complaint be dismissed in its entirety; that she take nothing by her Complaint; that Defendant be declared the prevailing party in this action and be awarded its reasonable attorneys' fees and for all other proper relief.

        Respectfully submitted,

        *s/ Travis P. Meek*
        Travis P. Meek
        Craig M. Williams
        HALL, RENDER, KILLIAN, HEATH & LYMAN, P.C.
        Suite 2000, Box 82064
        One American Square

Indianapolis, IN 46282
(317) 633-4884
(317) 633-4878 (FAX)
E-mail:  cwilliams@hallrender.com
            tmeek@hallrender.com

ATTORNEYS FOR DEFENDANT

**CERTIFICATE OF SERVICE**

I hereby certify that on July 26, 2013, a copy of the foregoing *Defendant's Answer and Affirmative Defenses to Plaintiff's Complaint and Demand for Jury Trial* was filed electronically. Notice of this filing will be sent to the following party(ies) by operation of the Court's electronic filing system. The party(ies) may access this filing through the Court's system:

> John H. Haskin
> Ryan C. Fox
> JOHN H. HASKIN & ASSOCIATES
> 255 North Alabama Street, 2nd Floor
> Indianapolis, Indiana 46204
> jhaskin@hlllaw.com
> rfox@hlllaw.com

> *s/ Travis P. Meek*

HALL, RENDER, KILLIAN, HEATH & LYMAN, P.C.
Suite 2000, Box 82064
One American Square
Indianapolis, IN 46282
(317) 633-4884
(317) 633-4878 (FAX)

1424215v.1